**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

CONERISON JIMENEZ, et al.,

Plaintiffs,

-against-

VIP 1 PARTNERS LLC, et al.,

Defendants.

---------------------------------------------------------------X

**25-CV-8887 (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On May 14, 2026, the parties submitted a settlement agreement for the Court's approval in this action under the Fair Labor Standards Act and the New York Labor Law. See ECF No. 22-1 (the "Agreement"); see also Cheeks v. Freeport Pancake House, Inc., 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Courts generally approve settlement agreements in FLSA cases where the proposed settlement demonstrates a reasonable compromise over the contested issues. See Hernandez v. Merrill Lynch & Co., No. 11-CV-8472 (KBF) (DCF), 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved").

The Court has reviewed the Agreement (ECF No. 22-1), supporting letters (ECF No. 22), billing records and attorney qualifications (ECF No. 22-2) to determine whether the Agreement represents a reasonable compromise of the claims asserted in this action. The Court finds that the Agreement is reasonable. Plaintiffs will receive a total of $60,000 under the Agreement. ECF No. 22-1 at 1. Of the $60,000 settlement amount, Plaintiffs' counsel will receive $20,836.93, consisting of $19,581.53 for attorney's fees and $1,255.40 in costs. ECF No. 22 at 5. The requested amount in attorney's fees, $19,581.53, is approximately one-third of the total settlement amount of $60,000, which is appropriate. See Araus v. Primos Live Poultry Inc., No.

24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y. Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs"). And although the combined amount of attorney's fees and costs collectively exceed 33.33% of the settlement amount, courts have approved such fee awards. See Myers v. Life Alert Emergency Response, Inc., No. 23-CV-03609 (ER), 2024 WL 422057, at *2 (S.D.N.Y. Jan. 5, 2024) ("The Court further concludes that the proposed attorney fees and costs are reasonable. [Plaintiff's] counsel will receive $10,318 for fees and costs, which is about 34.4% of the total settlement. The amount requested in attorney fees is $9,841, which is one-third of the net settlement amount after deducting litigation costs.") (internal citations omitted); Araus v. Primos Live Poultry Inc., No. 24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y. Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs").

However, Plaintiffs' counsel has not provided documentation to support their requested costs of $1,255.40. Plaintiffs' counsel states that it incurred $405 for the filing fee, of which the Court can take judicial notice. ECF No. 22 at 5; see also Suriel v. Cruz, No. 20-CV-8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022), adopted by, 2022 WL 1751163 (S.D.N.Y. May 31, 2022) ("The Court may, however, take judicial notice of the filing fees reflected on the docket as a support for an award of those costs."). But counsel must provide documentation for the remaining $850.40 in costs incurred for service of process. ECF No. 22 at 5; see Vann v. PCT Contracting, LLC, No. 20-CV-628 (AEK), 2025 WL 950990, at *5 (S.D.N.Y. Mar. 28, 2025) ("Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated."); Hall v. City of New York, No. 22-CV-10193 (BCM), 2025 WL 1795943, at *3 (S.D.N.Y. June 30, 2025) (declining to award costs in FLSA action where

"plaintiffs failed to document any of the additional expenses for which they request reimbursement, as required by . . . well-settled precedent in our Circuit").

Thus, in light of the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the proposed Agreement, it is hereby **ORDERED** that:

1. The Court finds that the terms of the Agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved, **except as to the amount of costs, which is modified to $405**. If Plaintiffs' counsel wishes to seek the additional costs incurred, counsel may file a separate motion with documentation to support those costs.
2. This Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.
3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of the written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.
4. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED: New York, New York
September 16, 2026

VALERIE FIGUEREDO
United States Magistrate Judge